LUCILLE BAKER, ADMINISTRATRIX OF ROSWELL C. BAKER, DECEASED, PLAINTIFF v. JACK F. SMITH, DEFENDANT.

(Filed 10 November, 1965.)

APPEAL by plaintiff from *Olive, E.J.,* March 1965 Civil Session of DAVIDSON.

This action was instituted May 15, 1963 by Roswell C. Baker to recover damages for personal injuries he sustained January 27, 1963, about 6:45 p.m., dusk dark, as a result of a collision between his Ford and a Chevrolet.

Baker alleged defendant was the operator of the Baker car; that Baker was riding therein; and that the collision and Baker's injuries

were proximately caused by the actionable negligence of defendant. Answering, defendant denied all of Baker's essential allegations.

Baker died April 18, 1964 from causes wholly unrelated to said collision of January 27, 1963. Baker's administratrix now prosecutes said *personal injury* action.

At the conclusion of plaintiff's evidence the court, granting defendant's motion therefor, entered judgment of involuntary nonsuit.

*Charles F. Lambeth, Jr. and Harry S. Cline for plaintiff appellant.*
*Smith, Moore, Smith, Schell & Hunter and Walser, Brinkley, Walser & McGirt for defendant appellee.*

PER CURIAM. The evidence most favorable to plaintiff tends to show: Defendant was operating plaintiff's Ford in an easterly direction on Unity Street in Thomasville at a speed of 15 or 20 miles an hour. The Chevrolet, headed in a westerly direction, was off the highway and on a "little pull-off" to defendant's right.

The only testimony as to what occurred was that of one of the occupants of the Baker car. She testified: "The right front fender of the other car and the right front fender of the car I was in—they collided right there, as it was pulling out into the highway. At the time the collision occurred the other car was off and on the highway. The car I was in was still on the highway but the other car was a little off of the highway because when they hit it knocked it back." Again: "Our car never left the highway."

We find no evidence deemed sufficient to support a finding that the collision was proximately caused by the actionable negligence of the operator of the Baker Ford. On the contrary, the evidence indicates clearly that the action of the driver of the Chevrolet in attempting to drive onto the highway from a place of safety on the "pull-off" was the sole proximate cause of the collision.

Apparently, the identity of the owner and driver of the Chevrolet is unknown. Nothing in the record indicates that such driver lingered at the scene of collision.

The judgment of involuntary nonsuit is affirmed.

Affirmed.